SAWTELLS *v.* EKENBERG CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPENDENT CONTRACTOR.

Where a woman was engaged in hauling milk from farmers, delivering the same to defendant, a manufacturer of milk products, she furnishing her own team, harness, and wagon, paying her own bills and controlling her equipment, and receiving her pay from defendant who deducted it from the amounts due the farmers, she was an independent contractor and not an employee within the meaning of the workmen's compensation act.

Certiorari to Industrial Accident Board. Submitted April 15, 1919. (Docket No. 44.) Decided May 29, 1919.

James Sawtells presented his claim for compensation against the Ekenberg Company for the accidental death of his wife in defendant's employ. From an order awarding compensation, defendant and the Ætna Life Insurance Company, insurer, bring certiorari. Reversed.

On the question as to who are employees within the meaning of workmen's compensation acts, see note in L. R. A. 1916A, 115, 246.

*C. W.* and *W. S. Foster,* for appellants.

*George G. Hunter,* for appellee.

KUHN, J. Applicant makes a claim for compensation as the dependent of Lulah Sawtells, who died on August 28, 1917, of injuries received on August 18, 1917, by being thrown beneath the wheels of the wagon which she was driving. The committee on arbitration denied compensation. The industrial accident board reversed the award of the committee of arbitration and entered an order allowing compensation. The Ekenberg Company is a manufacturer of milk products and operates plants at Ovid and Elsie in this State. On and prior to August 18, 1917, Mrs. Sawtells was engaged in hauling milk from farmers and delivering same at the Ovid plant. She furnished her own team, harness and wagon, lived at her own home three miles from Ovid, paid her own blacksmith and repair bills, and otherwise controlled her equipment. She was paid by the hundredweight according to the amount of milk actually delivered at the creamery, which at the time of the accident was fifteen cents per hundredweight. This amount was deducted from the milk checks made out to the farmers, the checks expressly stating that the deduction was made for hauling. The money for hauling was paid to her by the company, who had collected it from the farmers, and did not come out of the treasury of the company.

Counsel agree that the sole question for our consideration is whether or not she was at the time of the accident an employee of the Ekenberg Company within the meaning of the workmen's compensation act, or was she an independent contractor? It appears from the testimony that these milk routes for the Ovid plant were frequently bought and sold for money. Mrs. Sawtells bought her route from Mr. Pierce for $60, and after her death her husband sold the route for

$50. Mrs. Sawtells had no special arrangement with the company and was hauling under the same conditions as other haulers. These haulers did errands for neighbors and customers, sometimes for pay and sometimes without. So far as the company was concerned, it was immaterial in what way she moved the milk, and she could, at a profit to herself, solicit and acquire new customers in her own territory. The industrial accident board, after reviewing the case, stated:

"In the judgment of the board this is a difficult case."

Counsel for the appellants contend that the case should be governed by the decision of this court in *Gall* v. *Detroit Journal Co.,* 191 Mich. 405, which presents a case resembling in many of its aspects the facts which are now before us for consideration. In *Holbrook* v. *Olympia Hotel Co.,* 200 Mich. 597, it was said:

"It is often helpful in seeking to determine whether, upon certain facts, the relation of master and servant exists, to consider whether the alleged master would be liable to third persons for misconduct of the alleged servant."

The question of liability for the act of an alleged servant was before us in the *Gall Case, supra,* and the following excerpt from the opinion in that case is helpful in the consideration of the problem before us:

"Rebtoy was to deliver the papers to such persons, at such places, and on such time as the company should from day to day designate. Such delivery was the result to be obtained. And Rebtoy was to effect such delivery and obtain such result by any means and by any conveyance and in any way he saw fit. He could make the deliveries in person, or through others employed by him. It is shown by the evidence that

those making deliveries for the company did occasionally employ others to do the work. He could use a horse, an automobile, or carry the papers on foot, provided he got them to the right persons, at the right places, and upon time. So far as the terms of the contract are concerned, Rebtoy was certainly an independent contractor and not a servant. One whom the employer does not control, and has no right to control, as to the method, or means, by which he produces the result contracted for, is an independent contractor" —citing numerous cases.

The test there stated that where it does not appear that the employer controls, or has a right to control, the method or means by which the result contracted for is produced, the relationship of an independent contractor is created, when applied to the facts in this case, seems to us to clearly determine that it must be held that Mrs. Sawtells was an independent contractor. It appears conclusively that the company had nothing to do with the means or method by which she brought the milk to the plant. She was using her own equipment, and if she drove spirited horses, such conduct was beyond the control of the defendant. It was her milk route, and she received payment for the work from the farmers through the agency of the company. We think that the situation is clearly distinguishable from other cases on this subject in our reports, and attention might be called to the case of *Carleton* v. *Machine Products Co.*, 199 Mich. 148, where the previous Michigan cases on this subject are carefully reviewed.

We are of the opinion that the committee on arbitration was correct in denying compensation and that the award of the industrial accident board should be, and is, therefore, hereby reversed.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred. OSTRANDER, J., did not sit.