KANIEWSKI v. WARNER.

1. MASTER AND SERVANT—INDEPENDENT CONTRACTOR—TORT LIABILITY.

The right to control is decisive of existence of relation of master and servant and is the test for tort liability.

2. SAME—INDEPENDENT CONTRACTOR.

Finding by trial court that defendant oil distributor was not employer of driver of oil tank truck and not owner of truck in action by plaintiff for personal injuries sustained in collision with truck which obtained its oil from defendant oil distributor *held*, proper where title to truck was in driver's name, he paid the expenses of its operation and maintenance, his hours were self-determined, he had his own customers, but also made deliveries at distributor's request, customers paid either driver or distributor, invoices and receipts bore name of oil distributor, distributor carried driver's accounts receivable, paid driver and deducted delinquent accounts from his check, but did not make deductions from driver's check for social security or income tax and did not report him as an employee under

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 41 Am Jur 2d, Independent Contractors § 6 *et seq.*

Tests in determining whether one is an independent contractor, 75 ALR 725.

One who uses his own truck as an independent contractor or an employee of concern for which he transports goods, within social security or unemployment compensation act, 144 ALR 740, s. 151 ALR 1331,

workmen's compensation insurance policy, and driver paid his own social security and premiums on disability insurance policy.

3. SAME—INDEPENDENT CONTRACTOR—LIMITED PARTICIPATION.
. Handling of financial aspects of oil tank truck driver's accounts
· by oil distributor *held*, to be limited participation in the business and not to amount to right to control.  ·

4. SAME—INDEPENDENT CONTRACTOR.
Oil distributor who supplied all oil for driver of oil tank truck *held*, not to have exclusive use of the truck so as to be renting it and to be liable for injuries sustained by plaintiff when his car was hit by the truck.

Appeal from Branch, Andrews (Mark S.), J. Submitted Division 3 January 8, 1968, at Grand Rapids. (Docket No. 3,002.) Decided July 23, 1968.

Complaint by Scott Allan Kaniewski, by his guardian Daniel Biteman, against Walter L. Warner and Neil Robson for personal injuries sustained in automobile accident. Summary judgment for defendant Warner. Plaintiff appeals. Affirmed.

*Golden & Golden,* for plaintiff.

*Arthur G. Lyon,* for defendant Warner.

BURNS, J. Defendant Warner moved for summary judgment under GCR 1963, 117.2(3). The Branch county circuit court dismissed plaintiff's action against Warner, an oil distributor, because it found as a matter of law that defendant Robson was not Warner's employee or agent and that Warner was not the "owner" of Robson's truck. Undisputed facts, as disclosed by written interrogatories and discovery depositions, provided the basis for the circuit court's determination and our review.

Plaintiff's complaint alleged that on March 13, 1964, plaintiff suffered damages as the result of Robson's negligent operation of a 1951 oil tanker truck. In December, 1963, Robson had purchased the truck and a fuel oil delivery route from Ray Warnock. Warner, who had supplied oil for Warnock's route, had nothing to do with Robson's purchase. It was possible for Robson to haul products for any oil concern, but as a matter of fact he obtained oil only from Warner's bulk plant up to the time of the accident.

The truck's title was in Robson's name and he paid the expenses of its operation and maintenance. Robson's hours were self-determined. He would usually arrive at Warner's place of business between 8:00 a.m. and 9:00 a.m., load the truck by himself and then make deliveries at his pleasure. Robson had his own customers and could solicit new customers, but he would also make deliveries at Warner's request. Regardless of who secured the account, the customers paid either Robson or Warner. The invoices and receipts bore the name of "Warner Oil Company." When Robson received payment, he turned the money over to Warner who carried all of Robson's accounts receivable. On the first and fifteenth of each month Warner would then pay Robson one to two cents, depending on the account, for every gallon of oil delivered. Any delinquent accounts were deducted from Robson's bimonthly check. Warner made no deductions from Robson's checks for social security or income tax purposes nor did he report Robson as an employee under his workmen's compensation insurance policy. Robson paid his own social security and premiums on a disability insurance policy.

Both Robson and Warner described Robson as a "contract hauler" — an independent contractor. The circuit court agreed with this characterization.

Plaintiff contends that such characterization is erroneous.

At the present time the tort liability test for an independent contractor relationship is the right to control. *Gall* v. *Detroit Journal Co.* (1916), 191 Mich 405; *Holloway* v. *Nassar* (1936), 276 Mich 212. The facts now before us show that Warner could not exercise any supervision over Robson's method of operation. Warner did handle the financial aspects of Robson's accounts, but this limited involvement in the business does not amount to a right to control. See *Sawtells* v. *Ekenberg Co.* (1919), 206 Mich 246. The trial court was correct in holding that Robson was an independent contractor.

Plaintiff's second contention on appeal is that because Robson hauled nothing but Warner's oil from December, 1963, until the date of the accident, Warner had "exclusive use" of the truck and was therefore "renting" it within the meaning of CLS 1961, § 257.37 (Stat Ann 1960 Rev § 9.1837). We will not foster such a strained statutory interpretation. Robson's title and unfettered control of his truck clearly demonstrate that Robson was the sole owner of the vehicle.

Affirmed. Costs to defendant-appellee.

J. W. Fitzgerald, P. J., and N. E. Fitzgerald, J., concurred.