## HIX v. BESSER COMPANY

1. DEATH — WRONGFUL DEATH — JUDGMENT — CERTIFICATION — WORKMEN'S COMPENSATION.

Certification of wrongful-death judgment to probate court *held*, improper, where the circuit court inserted a statement in the certification intended to preclude a workmen's compensation carrier from benefitting from the recovery as to further payments (MCLA § 600.2922).

2. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—DAMAGES.

Under the workmen's compensation act, an employee is permitted to sue a third-party tortfeasor and obtain, if successful, not only damages for the pecuniary loss that would be included within the workmen's compensation payments, but also other pecuniary loss including loss of companionship (MCLA § 413-.15).

3. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—DAMAGES.

Workmen's compensation act provision permitting an employee to sue a third-party tortfeasor enables an employee to obtain recovery beyond the amount which can be recovered in workmen's compensation benefits (MCLA § 413.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 62.
[2–4] 58 Am Jur, Workmen's Compensation § 60 *et seq.*

4. WORKMEN'S COMPENSATION — THIRD-PARTY TORTFEASOR — JUDG-
MENT — REIMBURSEMENT — STATUTE.

    Workmen's compensation act provision that recovery against a
    third party shall be used to first "reimburse the employer or
    its workmen's compensation insurance carrier" reveals a legis-
    lative intent that the object of permitting an action against
    a third-party tortfeasor is, first, to bring about reimbursement,
    with any excess to go to the employee and this is true even
    where a plaintiff settles with the third-party tortfeasor and
    inserts in the settlement agreement a provision that any
    claims of the employer are not included in the settlement
    (MCLA § 413.15).

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 June 3, 1969, at Detroit. (Docket
No. 6,168.) Decided October 2, 1969. Leave to ap-
peal granted June 15, 1970. See 383 Mich 792.

Complaint by Oleta Hix, administratrix of the
estate of Raymond L. Parks, deceased, against Bes-
ser Company, a Michigan corporation, and Huron
Engineering Co., a Michigan corporation, for wrong-
ful death. Aetna Casualty & Surety Company in-
tervened as a party plaintiff. Judgments for plain-
tiffs certified to probate court. Motion by interven-
ing plaintiff to set aside order certifying judgment
to probate court denied. Intervening plaintiff ap-
peals. Order vacated and case remanded.

*Goodman, Eden, Robb, Millender, Goodman &
Bedrosian (Paul A. Rosen,* of counsel), for plaintiff.

*LeVasseur, Werner, Mitseff & Brown,* for inter-
vening plaintiff.

Before: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

HOLBROOK, P. J. This action was brought under
the wrongful death act[1] to recover for the death of

---

[1] MCLA § 600.2922 (Stat Ann 1969 Cum Supp § 27A.2922).

Raymond L. Parks allegedly caused by the negligence of defendants Besser Company, a Michigan corporation, and Huron Engineering Co.[2]

Defendants' answers denied the allegations contained in plaintiffs' complaint and further pleaded affirmative defenses.

At the time of the accident plaintiff's decedent was an employee of Cinder Block, Inc., located in Detroit, Michigan.

By the order of the court, Aetna Casualty & Surety Company, the workmen's compensation carrier for Cinder Block, Inc., was permitted to intervene as a party plaintiff. MCLA § 413.15 (Stat Ann 1968 Rev § 17.189).

It appears to this Court that all of the parties to the suit considered liability to be very questionable. On May 11, 1966, plaintiff-administratrix and intervening plaintiff, Aetna Casualty & Surety Company took separate consent judgments for $10,000 and $1,500 respectively and on May 12, 1966, both plaintiffs filed separate satisfactions of judgment. On July 6, 1966, the circuit judge entered an order certifying judgment to the Oakland county probate court in the following language:

"That after listening to all testimony and in view of the separate judgments entered, this court certifies that the judgment obtained by the representative of the estate of Raymond Louis Parks was for loss not compensated for in any way under the workmen's compensation act and in fact was for the noneconomic loss to the family of Raymond Louis Parks, including loss of companionship, nurture, affection, and services occasioned by the death of the aforesaid Raymond Louis Parks."

---

[2] The second count alleged breach of warranty. CL 1948, § 440.14 (Stat Ann 1959 Rev § 19.254) (repealed by PA 1962, No 174, eff January 1, 1964).

On May 28, 1968, Aetna Casualty & Surety Company, the intervening plaintiff, made a motion to set aside this order certifying judgment to Oakland county probate court claiming it had no notice of the hearing and no opportunity to be heard before the terms of the order were determined and for the further reason that the order was inappropriate. After a hearing on the motion the trial court made the following order on June 14, 1968:

"It is hereby ordered that the order of this court of July 6, 1966, certifying judgment to the Oakland probate court is reaffirmed and defendant's motion to set aside such order is hereby denied."

From this order the intervening plaintiff appeals and raises the single question, *viz.*: *Should appellant's motion to set aside the order of the circuit judge directed to the probate court of Oakland county, dated July 6, 1966, be granted?*

The circuit court's certification in question was required by reason of MCLA § 600.2922 (Stat Ann 1969 Cum Supp § 27A.2922).

In its brief on appeal intervening plaintiff states:

"At the time of the consent judgments, this appellant settled interests it had in this case at that time. (MCLA § 413.5 [Stat Ann 1968 Rev § 17.189].) Its interest as of the entry of judgment exceeded $11,000. It compromised and accepted $1,500 for that interest as of May 11, 1966."

The record discloses the following:

"*Cross Examination.*
"*By Mr. Brown* [*attorney for intervenor plaintiff*]:
"*Q.* Mrs. Hix, since the death your husband, your first husband, in January, 1962 you have been receiving from the Aetna Casualty & Surety Company regular checks amounting to $57 per week for and on behalf of the children?

"*A.* Yes, up until it was reduced.

"*Mr. Brown:* Your Honor, let it be stated that the total expenditure of the Aetna Casualty & Surety Company to date has been well in excess of $11,000.

"*Mr. Halsey* [*defendant's attorney*]: It is our understanding you are representing Aetna Casualty, Mr. Brown, and there will be a consent judgment entered on behalf of Aetna Casualty in the sum of $1500, is that correct?

"*Mr. Brown:* Yes.

"*The Court:* Anything further?

"*Mr. Rosen* [*plaintiff's attorney*]: No, your Honor.

"*The Court:* The court will enter a consent judgment in the amount of $10,000, with all interest waived and without taxable attorney fees, on behalf of the estate of Raymond Louis Parks, and will further enter a judgment in the amount of $1,500 on behalf of the intervening plaintiff, Aetna Casualty & Surety Company."

Continuing with intervening plaintiff's argument in its brief it is stated:

"But payments to the survivors of the decedent were to continue into the future creating a future interest on the part of the appellant, all in accordance with the workmen's compensation act, MCLA § 411.1 *et seq.* (Stat Ann 1968 Rev § 17.141 *et seq.*)."

MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) permits the bringing of this action by plaintiff herein and also for the intervention by Aetna.

It would appear to this Court that under this permissive act the plaintiff herein was permitted to sue for and obtain, if successful, not only damages for the pecuniary loss that would be included within the workmen's compensation payments, but also other pecuniary loss[3] including loss of companionship, as

---

[3] "In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his depend-

defined in the cases of *Wycko* v. *Gnodtke* (1960), 361 Mich 331; *Currie* v. *Fiting* (1965), 375 Mich 440; *Heider* v. *Michigan Sugar Company* (1965), 375 Mich 490; *Reisig* v. *Klusendorf* (1965), 375 Mich 519. It now appears from the very recent cases of *Gamble* v. *American Asbestos Products Company* (1968), 381 Mich 105, and *Transamerican Freight Lines, Inc.* v. *Quimby* (1968), 381 Mich 149, that the purpose of the provision of the workmen's compensation act permitting an employee to sue a third party is to enable the employee to obtain recovery beyond the amount which can be recovered under the statute in workmen's compensation benefits. The provision that the recovery shall be used to first "reimburse the employer or its workmen's compensation insurance carrier" reveals the legislative intent that the object of permitting an action against the third-party tortfeasor is, first, to bring about such reimbursement, with any excess thereafter to go to the employee. This subject only to "deducting expenses of recovery." This is true even where the plaintiff settles with the third-party tortfeasor and inserts in the settlement agreement a provision that any claims of the employer are not included in the settlement. The certification of the trial judge to the Oakland county probate court inserted a similar statement so as to preclude the workmen's compensation carrier from benefitting from the recovery as to further payments. Under the facts in this case, we rule in view of *Gamble* v. *American Asbestos Products Company, supra,* and *Transamerican Freight Lines, Inc.,* v. *Quimby, supra,* that this was not a proper certification. The statute specifically states:

"*Any recovery against the third party for damages resulting from personal injuries or death only,*

---

ents or personal representative would be entitled to recover in an action in tort." MCLA § 413.15 (Stat Ann 1968 Rev § 17.189).

*after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits."* (Emphasis supplied.)     MCLA § 413.15 (Stat Ann 1968 Rev § 17-.189).

Because the trial judge did not have the benefit of these two cases[4] when he made his original certification on July 6, 1966, and at the time he made the subsequent order on June 14, 1968, we do not reverse. We do, however, vacate the July 6, 1966, certification and remand the matter to the trial court for further proceedings consistent with this opinion and in accord with the rules laid down in *Gamble, supra,* and *Transamerican, supra.*

No costs, the construction of a statute being involved.

All concurred.

---

[4] *Gamble, supra,* decided July 20, 1968; *Transamerican, supra,* decided September 25, 1968.