## ASKEW v MACOMBER

1. WORKMENS COMPENSATION—APPEAL BOARD—FINDINGS OF FACT—
   ISSUE OF LAW—AGENCY AGREEMENTS—TEST OF LIABILITY.

   The Court of Appeals is bound by the findings of fact of the
   Workmen's Compensation Appeal Board, but an issue of law is
   presented where a defendant banking corporation was alleged
   to be an employer within the meaning of the workmen's
   compensation act by virtue of an agreement to serve as finan-
   cial agent and intermediary on behalf of a customer; the
   ultimate test of who is the employer is: whose work is being
   done?

2. WORKMEN'S COMPENSATION—AGENCY AGREEMENTS—NURSES—DE-
   GREE OF CONTROL—RIGHT TO CONTROL—ECONOMIC REALITY.

   A bank serving as financial agent for a customer under an agency
   agreement was not liable for workmen's compensation purposes
   to a plaintiff nurse employed to work solely in the home of the
   customer even though the plaintiff's paycheck was drawn by
   the bank and it exercised a considerable degree of control over
   the employment situation; the bank was exercising its author-
   ity to control as the customer's agent and the customer alone is
   responsible as the employer for purposes of workmen's compen-
   sation; the right to control test as used in determining whether
   an employment relationship exists for purposes of workmen's
   compensation has been de-emphasized in favor of the broader
   and less rigid concept of economic reality.

3. WORKMEN'S COMPENSATION—APPEAL BOARD—JURISDICTION—HEAR-
   ING REFEREES—EXCUSE OF PARTY—NOTICE.

   The Workmen's Compensation Appeal Board has jurisdiction over
   all defendants where a defendant who has been excused from
   liability by a hearing referee has notice of another defendant's
   application for review by the appeal board.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 530.

[2] 58 Am Jur, Workmen's Compensation § 345.
   Workmen's compensation: Liability of general or special employer
   for compensation to injured employee. 152 ALR 816.

[3] 58 Am Jur, Workmen's Compensation § 528.

Appeal from the Workmen's Compensation Appeal Board. Submitted June 11, 1975, at Lansing. (Docket No. 21540.) Decided August 13, 1975. Leave to appeal granted, 395 Mich 791.

Claim by Carrie Askew against M. Alicia Macomber and the Second National Bank of Saginaw and Michigan Mutual Liability Company for workmen's compensation benefits. Benefits granted to plaintiff to be paid by Second National Bank and Michigan Mutual Liability Company. The bank and Michigan Mutual appeal by leave granted. Reversed and the order of the hearing referee finding liability in defendant Macomber alone reinstated.

*van Benschoten & van Benschoten, P. C.,* for plaintiff.

*Smith & Brooker, P. C.,* for defendant Macomber.

*Davidson & Breen, P. C.,* for defendants Second National Bank and Michigan Mutual Liability Company.

Before: ALLEN, P. J., and D. F. WALSH and O'HARA,* JJ.

D. F. WALSH, J. Defendants Second National Bank and Michigan Mutual Liability Company appeal by leave granted from an order by the Workmen's Compensation Appeal Board holding the bank to be the sole employer of the plaintiff and therefore exclusively liable for workmen's compensation payments. The plaintiff was injured in April of 1969 as a result of a slip and fall on the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

porch steps at the home of defendant M. Alicia Macomber.

The appeal board made the following findings of fact. On November 5, 1965, Mrs. Macomber, then 95 years of age, executed through her attorney a document entitled "agency agreement" with the defendant bank. The bank's responsibilities under the terms of the instrument were that it would hold and manage Mrs. Macomber's property, "deliver" it to Mrs. Macomber "upon her order" and consult with her regarding the investments. Paragraph three of the instrument provided, in full as follows:

"3. So long as it holds said property the Agent shall collect the principal and income and after deducting from the income collected its reasonable compensation for its services hereunder, the Agent shall pay the remainder thereof to the Principal or make such other disposition thereof as the Principal may direct in writing filed with the Agent. If, in the opinion of the Agent, because of illness, misfortune or other emergency the Principal shall be unable to make arrangement for her care, support, maintenance, comfort and pleasure, including, without limitation, household expenses, complete medical care and attention, hospital and nursing services and other expenses incidental thereto, the Agent shall pay out of the funds in its hands from time to time such sums as in its sole discretion it shall deem necessary to accomplish same."

In 1968 the plaintiff was contacted by Mrs. Macomber's attorney and asked if she was interested in caring for the elderly woman as a nurse in the Macomber home. Plaintiff was referred to Mrs. Hosmer, trust administrator at the Second National Bank whose duties were to oversee the affairs of the Macomber estate. The appeal board found that Mrs. Hosmer hired the plaintiff pursu-

ant to the bank's obligations under the agency agreement and inasmuch as the bank "had absolute control over the creation, terms and conditions and the continuation of plaintiff's employment", the plaintiff was therefore found to be an employee of the bank. The bank was accordingly held liable for the plaintiff's workmen's compensation benefits.

This Court is bound by the board's findings of fact, MCLA 418.861; MSA 17.237 (861). However, the question of whether the bank is the plaintiff's employer for purposes of workmen's compensation law—by virtue of the fact that the bank hired the plaintiff—is an issue of law properly left to our determination. *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259, 262; 169 NW2d 326 (1969).

We have already recounted the bank's responsibilities pursuant to the agency agreement. They are essentially fiscal and include the duty to collect the principal and income and to reinvest the property in securities. The agreement allows the bank to *spend* or *disburse* for two purposes: (1) "Reasonable compensation for its services" and (2) to pay for Mrs. Macomber's "care, support, maintenance, comfort and pleasure . . . household expenses, complete medical care and attention, hospital and nursing services and other expenses incidental thereto" at such time when, in the bank's opinion, Mrs. Macomber is unable to make arrangements for these items. Under the terms of the agreement it is certain that the bank had the authority to hire and pay a nurse to care for Mrs. Macomber but this fact alone does not confer employer status on the bank if it was merely executing its duties as agent for Mrs. Macomber. "The ultimate test is: Whose is the work being

done?" *Jones v George F. Getty Oil Co,* 92 F2d 255, 263 (CA 10, 1937), quoted in *Buskirk v Ide,* 302 Mich 154, 165; 4 NW2d 504 (1942). In the instant case it was Mrs. Macomber's work that was being done with the bank serving as financial agent and intermediary—acting with the authority to pay for the services being performed on Mrs. Macomber's behalf.

Defendant Macomber concedes on appeal that she may be considered the plaintiff's employer but relies on *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc, supra,* for the contention that plaintiff was also employed by the bank. That decision acknowledged the Michigan court's "deemphasis" of the "right to control" test in determining employer status in workmen's compensation cases in favor of a broader and less rigid concept of "economic reality". However, the facts in *Renfroe* distinguish it from the case at hand since the claimant there was employed by a "labor broker" who assigned his services to the defendant. A fee was paid to the broker, and a portion of this was remitted to the claimant. The court held that both the broker and the defendant were employers for workmen's compensation purposes. Whereas, here, the plaintiff was employed to work solely in the Macomber home and although her paycheck was drawn by the bank the bank was merely disbursing Mrs. Macomber's funds in accordance with, and under the authority of, the agency agreement.

Clearly the bank exercised a considerable degree of "control" over the instant employment situation; but this is only part of the inquiry. *McKissic v Bodine,* 42 Mich App 203, 207; 201 NW2d 333 (1972). The bank was exercising this authority and control as Mrs. Macomber's agent. In such an

instance the bank is not the plaintiff's employer for purposes of workmen's compensation law. *Cf. Buskirk v Ide, supra,* at 166.

The second argument advanced by the bank is that the Workmen's Compensation Appeal Board had no power to make a ruling affecting its interests. The basis for this contention is that the hearing referee had originally held that Mrs. Macomber was the plaintiff's sole employer. Since the bank was at this juncture "out of the case" and since Mrs. Macomber did not cross-appeal against the bank the Workmen's Compensation Appeal Board was without jurisdiction over the bank. We disagree. Where a defendant who has been excused from liability by a hearing referee has notice of another defendant's application for review to the appeal board the board has jurisdiction over both defendants. See *Russell v Shippers Dispatch, Inc,* 53 Mich App 100; 218 NW2d 854 (1974), *affirmed* 392 Mich 773 (1974).

Accordingly the order of the Workmen's Compensation Appeal Board is reversed and the hearing referee's order is reinstated.