JAWORSKI v GREAT SCOTT SUPERMARKETS

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT—
   JURY—REASONABLE MEN.

   The question of contributory negligence is generally a question of
   fact to be determined by the jury; before a trial judge takes this
   question from the jury the issue of whether or not the plaintiff
   was contributorily negligent must be very clear with the facts
   leaving no room whereby reasonable men might draw different
   conclusions.

2. NEGLIGENCE—DUTY—REASONABLE CARE—STORE CUSTOMERS—USE
   OF DISPLAY CASES.

   A customer in a store has a duty to use reasonable care for her
   own safety and this duty is not diminished by the merchant's
   use of display cases.

Appeal from Wayne, Irwin H. Burdick, J. Sub-
mitted June 9, 1976, at Detroit. (Docket No.
26503.) Decided September 8, 1976. Leave to ap-
peal applied for.

Complaint by Anna Jaworski against Great
Scott Supermarkets for damages arising out of
plaintiff's slip and fall in one of the defendant's
stores. Judgment for defendant. Plaintiff appeals.
Affirmed.

*Lopatin, Miller, Bindes & Freedman* (by *Michael
Gagleard)*, for plaintiff.

*Alexander, Buchanan & Seavitt* (by *John N.
Highland)*, for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 295 *et seq.*
[2] 57 Am Jur 2d, Negligence § 66 *et seq.*

Before: J. H. GILLIS, P. J., and T. M. BURNS and
W. VAN VALKENBURG,*JJ.

W. VAN VALKENBURG, J. Plaintiff appeals a jury
verdict of no cause of action. This litigation arose
out of an unfortunate accident wherein the elderly
plaintiff slipped on cottage cheese dropped in de-
fendant's store by another customer a few seconds
before the fall. At the time of the accident a
stockboy was filling the milk cooler from a hand
truck which was stacked three or four feet high.
Plaintiff took two to four steps past this truck and
estimated that the cheese was from three to five
feet beyond. The head of the dairy department
testified that he had returned from lunch a minute
or so before the fall and observed nothing on the
floor at that time. The spilled cottage cheese cov-
ered an area about two feet square on the super-
market floor.

The trial judge, over the objections of the plain-
tiff's attorney, concluded that the question of her
contributory negligence was one of fact and should
be decided by the jury. His claim was that no
evidence of negligence on plaintiff's part was
shown. Plaintiff did not dispute the quality of the
instructions, but contended that the subject should
not have been given to the jury at all. This is the
only issue to be resolved in this appeal. Fortu-
nately, we have several authorities which will be
of assistance in determining whether or not the
judge erred by taking this action.

The Supreme Court in *Funk v General Motors
Corp,* 392 Mich 91, 113; 220 NW2d 641 (1974),
stated:

"The question of contributory negligence is generally
one of fact, not law."

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Bruman v Yellow Taxicab Co,* 220 Mich 41, 48; 189 NW 887 (1922), stated:

"Contributory negligence is essentially a question of fact in all cases except where by plaintiff's own testimony or the undisputed facts the case is too plain for reasonable, fair-minded men to draw different conclusions."

The rule is further summarized in 18 Callaghan's Michigan Civil Jurisprudence, Negligence, § 27, pp 257–258:

"The ordinary care which the plaintiff must exercise to be free from contributory negligence is such care as an ordinarily prudent person would exercise under the same or similar circumstances. It is said that no precise rules can be laid down by which all acts of contributory negligence can be measured, and each case must depend upon its own particular facts, and is usually a question of fact for the jury."

A conclusion which might apply to this case can be found in *Vandervelt v Mather,* 353 Mich 1, 8; 90 NW2d 894 (1958):

"Under the testimony in the case the matter of plaintiff's contributory negligence presents a question concerning which reasonable men might reach different conclusions. Such being the case said question is factual in nature and should be disposed of accordingly." (Citations omitted.)

A similar summary can be located in 57 Am Jur 2d, Negligence, § 295, p 692:

"Contributory negligence depends upon circumstances and is ordinarily a question for the jury to decide under proper instructions. The question of contributory negli-

gence is for the jury when it arises upon a state of facts from which reasonable men might draw different conclusions either as to the facts or as to the conclusions or inferences to be drawn from the facts."

The Supreme Court speaking through Justice EDWARDS in *Churukian v LaGest,* 357 Mich 173, 179; 97 NW2d 832 (1959), said:

"This Court has in recent years frequently reiterated that it must be a very clear case to justify a trial judge in taking a negligence action from the jury on grounds of contributory negligence." (Citations omitted.)

Also see *Koehler v Detroit Edison Co,* 383 Mich 224; 174 NW2d 827 (1970), *Desmarais v Myefski,* 20 Mich App 436; 174 NW2d 174 (1969); *Hall v Wood,* 26 Mich App 135; 181 NW2d 924 (1970).

Application of these principles to the facts indicate that minds of reasonable men could differ concerning the question of plaintiff's contributory negligence. *Churukian, supra,* holds that the case must be "very clear" before such a question can be taken from the jury. Plaintiff's own testimony shows that she took several steps after passing the milk truck and at that point there was nothing to obstruct her vision. In fact, her own statement shows her lack of observation as to where she was walking:

"No, I wasn't looking for any cheese, so I didn't look for it."

A similar situation existed in *Goodman v Theater Parking, Inc,* 286 Mich 80, 83; 281 NW 545 (1938). There, the plaintiff, while exiting from his motor vehicle, stepped on a cinder in a parking lot and sprained his ankle. He argued that he could

not be guilty of contributory negligence as his vision was blocked by the car door and that he did not see the cinder. The Court concluded:

"Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such view and, even if defendant was negligent in permitting the cinder to remain upon the lot, plaintiff's contributory negligence bars recovery."

Also, plaintiff's counsel asserts on appeal that a different standard should apply where goods are placed on display and cites authorities from foreign jurisdictions to support this position. Even if true, the plaintiff knew where the milk was and failed to testify that she was distracted in any way. Under Michigan law a customer's duty to use reasonable care for her own safety is not diminished by use of display cases by a merchant. For a discussion of this subject and required knowledge of storekeepers as to unsafe conditions, see *Suci v Mirsky,* 61 Mich App 398; 232 NW2d 415 (1975).

An analysis of the facts when coupled with the legal principles promulgated by Michigan appellate courts indicate that the presentment of the issue to the jury was correct and we so hold.

Affirmed. Costs to appellee.