BEDNARSKI v GENERAL MOTORS CORPORATION

Docket No. 31086. Submitted May 2, 1978, at Detroit.—Decided February 6, 1979.

Stella Bednarski brought a wrongful death action against General Motors Corporation, her deceased husband's former employer, in circuit court. She also petitioned for a hearing before the Workmen's Compensation Bureau. The complaint alleged that her husband died as a result of lung cancer which physicians who were agents and employees of General Motors failed to detect or reveal to the decedent during a series of physical examinations and X-ray examinations from 1972 to 1975. Defendant filed a motion for summary judgment for the reason that the sole and exclusive remedy available was workmen's compensation benefits. Summary judgment for defendant, Wayne Circuit Court, Joseph B. Sullivan, J. Plaintiff appeals. *Held:*

The Workmen's Compensation Bureau is required to determine if the injury was work related and compensable or noncompensable under the Worker's Disability Compensation Act.

Reversed and remanded. The circuit court case is to be held in abeyance until the bureau can make its determination. If compensability is found, the exclusive remedy provision of the act applies and judgment for defendant is to be affirmed; if noncompensable, the circuit court action may proceed.

1. WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — STATUTES.

Workmen's compensation benefits are the exclusive remedy available to an employee against his employer where the employee's injury is within the scope of the Worker's Disability Compensation Act (MCL 418.131; MSA 17.237[131]).

2. WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — EMPLOYER-EMPLOYEE RELATIONSHIP — STATUTES.

The exclusive remedy provision of the Worker's Disability Compensation Act applies where recovery is sought for personal injuries arising out of and in the course of employment and

REFERENCES FOR POINTS IN HEADNOTES
[1-3, 5] 81 Am Jur 2d, Workmen's Compensation § 50.
[4] 81 Am Jur 2d, Workmen's Compensation §§ 46, 64.

where the claim is based upon the employer/employee relationship between the parties (MCL 418.301; MSA 17.237[301]).

3. WORKMEN'S COMPENSATION — EXCLUSIVE REMEDY — NONEMPLOYMENT INJURY — COURTS — JURISDICTION.

The exclusive remedy provision of the Worker's Disability Compensation Act does not bar actions against an employer by an employee if the employment relationship subsisting between them is only incidentally related to a claim resting on another basis such as a vendor/vendee relationship; under these circumstances the courts have jurisdiction to determine the rights and liabilities of the parties.

4. WORKMEN'S COMPENSATION — ADMINISTRATIVE LAW — EXCLUSIVE REMEDY — PLEADINGS — JURISDICTION.

The mere omission of workmen's compensation assertions from pleadings which would reveal the applicability of the exclusive remedy provision of the Worker's Disability Compensation Act cannot confer jurisdiction on the courts; jurisdiction for the determination of all disputes relating to workmen's compensation is vested exclusively in the Workmen's Compensation Bureau.

5. WORKMEN'S COMPENSATION — ADMINISTRATIVE LAW — EXCLUSIVE REMEDY — TORTS — COURTS — ADMINISTRATIVE AGENCIES — JURISDICTION.

The question of whether an employee's injury arose from his working conditions and thus would subject him to the exclusive remedy provisions of the Worker's Disability Compensation Act or whether an injury was not compensable under the compensation act, which would allow a tort action in circuit court, is for the Workmen's Compensation Bureau.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jeannette A. Paskin*), for defendant.

Before: M. F. CAVANAGH, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Plaintiff, the administratrix of her husband's estate, appeals from the granting of

summary judgment for defendant, her late hus-
band's employer. Plaintiff commenced suit by filing
this wrongful death action in circuit court. She
also petitioned for hearing before the Workmen's
Compensation Bureau. Only the first action is now
before the Court. Her complaint, as amended,
alleged that her husband died as a result of lung
cancer which physicians who were the agents and
employees of defendant failed to detect or reveal to
the decedent during a series of physical examina-
tions and X-ray examinations in 1972-1975. Defen-
dant filed a motion for summary judgment[1] for the
reason that the sole and exclusive remedy availa-
ble to the estate was workmen's compensation
benefits.

Where an employee's injury is within the scope
of the Worker's Disability Compensation Act,
workmen's compensation benefits are the exclusive
remedy available to the employee against the em-
ployer. MCL 418.131; MSA 17.237(131), *Solakis v
Roberts,* 395 Mich 13, 20; 233 NW2d 1 (1975),
*Szydlowski v General Motors Corp,* 397 Mich 356,
358; 245 NW2d 26 (1976). An action is precluded
by the exclusive remedy provision of the act if it
seeks recovery for a personal injury arising out of
and in the course of employment and if the suit is
based upon the employer/employee relationship
between the parties. MCL 418.301; MSA
17.237(301), *Neal v Roura Iron Works, Inc,* 66
Mich App 273, 275; 238 NW2d 837 (1975), *lv den*
396 Mich 841 (1976). The act does not bar actions
against an employer by an employee if the employ-

---

[1] The motion should have been denominated a motion for acceler-
ated judgment. GCR 1963, 116.1(2), *St Paul Fire & Marine Insurance
Co v Littky,* 60 Mich App 375, 377; 230 NW2d 440 (1975). But since no
prejudice to the plaintiff is alleged or apparent, we treat the motion
as one for accelerated judgment. *Pease v North American Finance
Corp,* 69 Mich App 165, 167; 244 NW2d 400 (1976), *lv den* 399 Mich
883 (1977).

ment relationship subsisting between them is only incidentally related to a claim resting on another basis such as vendor/vendee relationship. *Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971). Under such circumstances the courts have jurisdiction to determine the rights and liabilities of the parties. *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971), *Bonney v Citizens' Mutual Automobile Insurance Co,* 333 Mich 435, 440; 53 NW2d 321 (1952).

Plaintiff's original complaint and first amended complaint assumed the form of a wrongful death action based on medical malpractice; the fact that the decedent had been defendant's employee was mentioned, but there was no statement that decedent's injury arose out of or in the course of employment or that the action was based on the employment relationship. If such was nonetheless the situation, plaintiff's exclusive remedy is furnished by the Worker's Disability Compensation Act. *Szydlowski v General Motors Corp, supra.* The pleadings appear to have been framed to avoid the *Szydlowski* holding. The mere omission of assertions from the pleadings which would reveal the applicability of the exclusive remedy provision cannot confer jurisdiction on the courts. *St Paul Fire & Marine Insurance Co v Littky,* 60 Mich App 375, 378; 230 NW2d 440 (1975). We are currently not in a position to say whether *Szydlowski* is distinguishable from the instant case on the basis of the actual underlying facts.

We note that plaintiff has filed a workmen's compensation claim based on the same facts as the instant case. As acknowledged in plaintiff's appellate brief, the Workmen's Compensation Bureau is the appropriate forum to consider this claim. MCL

418.841; MSA 17.237(841), *Herman v Theis,* 10 Mich App 684, 688-689; 160 NW2d 365 (1968), *lv den* 381 Mich 772 (1968), *St Paul Fire & Marine Insurance Co v Littky, supra,* at 378, *Szydlowski v General Motors Corp, supra,* at 358-359. Defendant also has asserted by way of affidavit in the trial court that decedent was defendant's employee when he received medical services from it and that his exclusive remedy was under the Worker's Disability Compensation Act and that "the medical services rendered [decedent] were rendered at his place of employment" and that "all services rendered were in the course of decedent's employment * * *".

If decedent's injury arose from his working conditions, then we would agree that plaintiff's exclusive remedy is workmen's compensation benefits, and the *Szydlowski* decision is controlling. However, if the Workmen's Compensation Bureau determines that the decedent's injury was not compensable under the act, the plaintiff may then pursue her common-law remedy in a tort action in circuit court.

"When the employer's fault takes the form of negligence in not disclosing to the employee the existence of a noncompensable disease discovered in the course of an examination in the company clinic, most cases allow a tort action on the theory that the injury is in no sense work-connected." 2A Larson, Workmen's Compensation Law, § 68.35, p 13-39.

To conclude otherwise would leave a plaintiff with a cognizable tort claim, which is nevertheless outside the Worker's Disability Compensation Act, without remedy. *Herman v Theis, supra, Panagos v North Detroit General Hospital, supra,* accord,

*Wojcik v Aluminum Company of America,* 18 Misc 2d 740; 183 NYS2d 351 (1959).

Accordingly, we reverse and remand to the circuit court to hold in abeyance pending the outcome of the workmen's compensation proceedings. If the board finds the injury compensable, defendant may have its accelerated judgment in this case. If the appeal board finds that it does not have jurisdiction because the wrong complained of is not an injury compensable under the act, this case may proceed. Costs to abide final determination.