NORTHERN v FEDRIGO

Docket No. 52576. Submitted October 14, 1981, at Detroit.—Decided
January 25, 1982.

Thomas K. Northern brought an action against Alex V. Fedrigo
and A. Fred Fedrigo, doing business as Sun Swimming Pool
Chemicals, for personal injuries allegedly caused by defendants'
negligence in Wayne Circuit Court. At the time of the injury,
plaintiff was directly employed by "Somebody Sometime", a
labor broker which supplied workers to different employers
who have a need for them and which had sent plaintiff to work
on defendants' premises. While at Sun, plaintiff was under the
control of Sun's employees. These employees made work assign-
ments and provided any training that was necessary. Nobody in
a supervisory capacity from Somebody Sometime had anything
to do with plaintiff's work while on Sun's premises. Sun also
had the right to fire workers from its projects and to refuse to
accept workers sent by Somebody Sometime. Plaintiff was
ultimately laid off "indefinitely" for failure to call in to Sun on
a day he was supposed to work. Both plaintiff and defendant
Alex Fedrigo agreed that the tasks plaintiff performed for Sun
constituted normal work toward its goal of producing products
for the company. Plaintiff was paid weekly via a check from
Somebody Sometime. Plaintiff also indicated that Somebody
Sometime set his hourly rate. However, Sun paid Somebody
Sometime to cover plaintiff's wages. The court, Thomas J.
Foley, J., granted summary judgment for defendants, holding
that workers' compensation was plaintiff's exclusive remedy.
Plaintiff appealed. *Held:*

1. The court has jurisdiction to determine the issue of the
existence of an employer-employee relationship.

2. Whether a defendant is a person subject to liability as a
third-party tortfeasor under the terms of the Worker's Disabil-
ity Compensation Act or the tort action is abrogated by the act
is a question purely of law to be decided by the court if the

REFERENCES FOR POINTS IN HEADNOTES          ₵

[1] 81 Am Jur 2d, Workmen's Compensation §§ 65, 66.
   82 Am Jur 2d, Workmen's Compensation § 547.
[2] 81 Am Jur 2d, Workmen's Compensation § 96.

evidence on the issue is reasonably susceptible of but a single inference. The test of whether a person or business is liable for workers' compensation benefits as the employer of a claimant is not a matter of terminology, oral or written, but the realities of the work performed. Plaintiff was an "employee" of defendants within the meaning of the Worker's Disability Compensation Act.

Affirmed.

1. WORKERS' COMPENSATION — THIRD-PARTY ACTION — EMPLOYMENT — QUESTIONS OF FACT — QUESTIONS OF LAW.

Whether a defendant is a person subject to liability as a third-party tortfeasor under the terms of the Worker's Disability Compensation Act or the tort action is abrogated by the act is a question purely of law to be decided by the court if the evidence on the issue is reasonably susceptible of but a single inference; but where the facts bearing on the issue of the defendant's status are disputed, or conflicting inferences may be reasonably drawn from the known facts, it is error to withhold the issue from the jury.

2. WORKERS' COMPENSATION — EMPLOYMENT — ECONOMIC REALITY.

The test of whether a person or business is liable for workers' compensation benefits as the employer of a claimant is not a matter of terminology, oral or written, but the realities of the work performed; control of the claimant is a factor, as is payment of wages, hiring and firing, and the responsibility for the maintenance of discipline, but the test of economic reality views these elements as a whole, assigning primacy to no single one.

*Carol Dean,* for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Gary A. Maximiuk* and *Thomas R. Bowen*), for defendants.

Before: MacKENZIE, P.J., and BRONSON and BEASLEY, JJ.

PER CURIAM. Plaintiff filed suit in the Wayne County Circuit Court alleging that he suffered a partial amputation of his left hand due to defendants' negligence. Defendants filed a motion for

"accelerated judgment", claiming that workers' compensation was plaintiff's sole and exclusive remedy as to them. The lower court agreed and entered an order granting "summary judgment" in favor of defendants. Plaintiff now appeals as of right.

As a general rule, issues concerning injuries and their compensability in tort or through the workers' compensation laws must first be addressed by the Bureau of Workers' Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976), *Herman v Theis,* 10 Mich App 684, 689; 160 NW2d 365 (1968), *lv den* 381 Mich 772 (1968). However, where the issue is whether or not there exists an employer-employee relationship, the courts may assume jurisdiction without a prior determination by the bureau. *Dixon v Sype,* 92 Mich App 144, 149; 284 NW2d 514 (1979).

Whether or not an employer-employee relationship exists is a question of fact. However, where affidavits, depositions, and other evidence reveal no disputed issue of material fact concerning the claimant's status as an employee, the lower court may order summary judgment pursuant to GCR 1963, 117.2(3). As the Michigan Supreme Court stated in *Nichol v. Billot,* 406 Mich 284, 302-303; 279 NW2d 761 (1979), quoting approvingly from *Flick v Crouch,* 434 P2d 256 (Okla, 1967):

" 'When a defendant's status forms a material issue in an evidentiary proceeding, * * * which has for its object to determine whether the action sought to be prosecuted is one abrogated or taken away by the Workmen's Compensation Law, * * * or "reserved" to the workman (or his widow) * * * the rule to be applied by the trial court should be the same as that which governs at the trial: if the evidence concerning the status of a party defendant is reasonably susceptible of but a single inference, the question is one purely of law

to be decided by the court * * * but where the facts bearing on such issue are either disputed, or conflicting inferences may be reasonably drawn from the known facts, it is error to withhold the issue from the determination of the jury.' "

Michigan uses the so-called economic reality test to determine if an employer-employee relationship exists. *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259, 264-265; 169 NW2d 326 (1969), and cases cited therein. The factors to be considered in determining if a particular worker is "employed" by a specific employer include the right to control the worker's duties, payment of wages, the right to hire, fire, and discipline, and whether or not the performance of the duties is an integral part of the employer's business towards the accomplishment of a common end. *Askew v Macomber,* 398 Mich 212, 217-218; 247 NW2d 288 (1976).

Plaintiff's deposition and defendant Alex Fedrigo's affidavit reveal the following about the instant case. Plaintiff was directly employed by "Somebody Sometime", a labor broker which sends workers to different employers who have a need for them. The accident occurred after plaintiff was sent by Somebody Sometime to work on the premises of defendant Sun Swimming Pool Chemicals (hereinafter Sun).

While at Sun, plaintiff was under the control of Sun's employees. These employees made work assignments and provided any training that was necessary. Nobody in a supervisory capacity from Somebody Sometime had anything to do with plaintiff's work while on Sun's premises. Sun also had the right to fire workers from its projects and to refuse to accept workers sent by Somebody Sometime. Plaintiff was ultimately laid off "indefi-

nitely" for failure to call in to Sun on a day he was supposed to work. Both plaintiff and defendant Alex Fedrigo agreed that the tasks plaintiff performed for Sun constituted normal work toward its goal of producing products for the company. Plaintiff was paid weekly via a check from Somebody Sometime. Plaintiff also indicated that Somebody Sometime set his hourly rate. However, Sun paid Somebody Sometime to cover plaintiff's wages.

*Renfroe, supra,* involved a situation very similar to the present one. In *Renfroe,* the plaintiff appealed from a grant of summary judgment for defendant on a tort claim arising from an industrial accident. Plaintiff had received workers' compensation benefits from the third-party defendant, Employers Temporary Service, hereinafter ETS. The only issue was whether defendant was an employer of plaintiff within the meaning of the workers' compensation laws. ETS was a labor broker, a company whose sole business was supplying temporary labor as needed to all types of industrial and commercial concerns. Under the terms of the contract between ETS and the customer, a certain hourly rate was charged for each kind of labor. From this sum, which the customer paid to ETS, ETS paid the worker and covered all other costs of employment, including workers' compensation premiums, Social Security, and withholding for municipal, state, and federal income taxes. Upon arrival at the work site, the worker was under the direction of the customer, who told him what to do, and where and how to do it. He could be moved among different jobs during the day. If the worker was drunk or incompetent or refused to work, the customer could summarily discharge him and would only be billed by ETS for

work actually done. Plaintiff Renfroe had been working for defendant for about two to three weeks at the time of the accident. The Court held:

"The economic reality of this case is that both ETS and Higgins Co. were employers of Roy Renfroe, each in a different way." *Renfroe, supra,* 266.

In *White v Extra Labor Power of America,* 54 Mich App 370; 221 NW2d 214 (1974), this Court, citing *Renfroe,* held that it was beyond dispute that, on the date of the accident, both the labor broker and the labor broker's customer were employers of plaintiff. This Court described a working relationship very similar to the one under consideration in *Renfroe.* In both *White* and *Renfroe* the worker was required to report to the labor broker every morning. In the present case, there was no such requirement. This indicates even less control over plaintiff in the hands of the labor broker than was present in *White* and *Renfroe.* We note, however, that in *White* the controversy was over the amount of the worker's wages and not directly over the definition of "employer".

The Supreme Court affirmed the Court of Appeals decision in *White, supra, sub nom Solakis v Roberts,* 395 Mich 13; 233 NW2d 1 (1975). The Court of Appeals was deemed correct in applying the "economic reality" test to this case. Under the criteria espoused in this test, plaintiff was an employee of both the labor broker and its customer.

In *Allossery v Employers Temporary Service, Inc,* 88 Mich App 496, 502; 277 NW2d 340 (1979), *lv den* 406 Mich 1000 (1979), the Court relied on *Renfroe* and held that plaintiff was an employee of both the labor broker and the business where he worked when injured.

Plaintiff argues that regardless of whether *Renfroe* is or is not "good" law, it does not control this case. Plaintiff points to the following language in *Renfroe:*

"In the case at bar, the record contains numerous interrogatories, depositions, and affidavits, which set out the underlying events and circumstances in great detail. These, as well as the agreed statement of facts submitted for purposes of this appeal, reveal that there is no dispute as to any of the underlying facts." *Renfroe, supra,* 261.

Defendants orginally moved for "accelerated judgment" by motion dated October 31, 1979. On November 16, 1979, the circuit court judge refused to grant the motion. The parties agree that this denial was based on the court's opinion that further discovery was needed. Thereafter, on February 26, 1980, plaintiff's deposition was taken at defense counsel's request. A second hearing on defendants' motion for "accelerated judgment" was held on May 16, 1980. Plaintiff had made no efforts to obtain any discovery during the two hearing dates. However, at the May 16, 1980, hearing, plaintiff's counsel requested additional time to complete discovery. On May 29, 1980, based on plaintiff's deposition testimony, the court found for defendants.

Assuming, *arguendo,* that plaintiff's counsel's failure to engage in any discovery over an eight-month period in which she was on notice that discovery should be conducted does not waive her claim that discovery was prematurely cut off, we nonetheless believe the lower court's decision was correct. It may well be that in *Renfroe* a greater development of the facts through different sources had occurred. Nonetheless, here, the plaintiff's

own deposition testimony shows that he was an employee of defendants under the economic reality test. Plaintiff is bound by the statements in his deposition. *Stefan v White,* 76 Mich App 654, 659-660; 257 NW2d 206 (1977), *Milligan v Union Corp,* 87 Mich App 179, 181-182; 274 NW2d 10 (1978). Under these circumstances, additional discovery would be futile. Plaintiff has failed to persuasively distinguish this case from *Renfroe, supra.*

Affirmed.