BUSCHBACHER v GREAT LAKES STEEL CORPORATION

Docket No. 56034. Submitted February 2, 1982, at Detroit.—Decided April 6, 1982.

Robert A. Buschbacher and his wife, Denise V. Lake Buschbacher, brought an action in Wayne Circuit Court against Great Lakes Steel Corporation and others alleging among other matters that Great Lakes negligently failed to advise Denise Buschbacher of an adverse medical condition indicated by X-rays taken of her as part of a preemployment physical examination and that Great Lakes had a contractual duty to advise her of any adverse medical condition which was discovered or should have been discovered during her employment or preemployment status. The court, William J. Giovan, J., granted Great Lakes' motion for summary judgment on the contract claim on the ground that it failed to state a cause of action for which relief could be granted. At the same time, defendant's motion for summary judgment on the negligence claim on the ground that the action was barred by the exclusive remedy provision of the Worker's Disability Compensation Act was denied, the court finding that, as a matter of law, the claim did not arise out of and in the course of an employment relationship between the parties. Defendant appeals. *Held:*

The trial court erred in deciding that the alleged injury did not arise out of and in the course of the employment relationship. That question must first be decided by the Bureau of Workers' Disability Compensation. The circuit court's order is reversed and the matter is remanded to the circuit court so that plaintiff may file an application for a hearing with the bureau. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau determines that plaintiff's injuries were suffered in the course of her employment, or if plaintiff fails to apply for a bureau determination within 20 days, the circuit court shall grant accelerated judgment to defendant. If

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Workmen's Compensation §§ 50, 52.
[2] 81 Am Jur 2d, Workmen's Compensation §§ 80, 153.
[3] 81 Am Jur 2d, Workmen's Compensation § 58.

the bureau finds the injuries not to be work-related, the circuit court action may proceed.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would find that the circuit court correctly denied defendant's motion for summary judgment because the physical examination occurred prior to plaintiff's employment and the alleged injury, the failure to discover or report the condition indicated by the X-ray, did not occur in the course of employment nor was it based on an employment relationship. Under these circumstances, the Bureau of Workers' Disability Compensation does not have jurisdiction.

### OPINION OF THE COURT

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

An action by an injured employee against his employer is precluded by the exclusive remedy provision of the Worker's Disability Compensation Act if the action seeks recovery for a personal injury arising out of and in the course of employment and if the action is based on the employer-employee relationship (MCL 418.131, 418.301; MSA 17.237[131], 17.237[301]).

2. WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION.

The Bureau of Workers' Disability Compensation has the exclusive power to determine in the first instance whether the Worker's Disability Compensation Act applies to a particular injury and whether the injury is thus compensable under the act; this exclusive jurisdiction exists even though an employee's complaint in a particular action does not allege or rely on an employment relationship between the parties; the only exception to the bureau's exclusive jurisdiction is in situations where it is obvious that the cause of action is not based on an employment relationship, in which case the circuit court has authority to reject the claimed applicability of the exclusive remedy provision of the act (MCL 418.131, 418.841; MSA 17.237[131], 17.237[841]).

### DISSENT BY V. J. BRENNAN, J.

3. WORKERS' COMPENSATION — PREEMPLOYMENT PHYSICAL EXAMINATION.

*The failure of a prospective employer to discover or report a physical condition indicated on X-rays taken of a prospective employee as part of a preemployment physical examination did not occur in the course of employment nor was it based on an employment relationship, having occurred prior to the prospec-*

*tive employee's employment; under such circumstances the Worker's Disability Compensation Act is inapplicable and the circuit court has jurisdiction over an action against the prospective employer for failure to discover or report the condition.*

*Archer, Kenney & Wilson,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Richard M. O'Connor* and *Christine D. Oldani),* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

CYNAR, J. Defendant Great Lakes Steel Corporation appeals as of right from the trial court's January 14, 1981, order granting in part and denying in part defendant's motion for summary judgment.

Plaintiff Denise V. Lake Buschbacher filed this action on January 31, 1980. According to the allegations in the complaint, on March 17, 1978, plaintiff made employment application to Great Lakes Steel. As a precondition to employment, she submitted to a physical examination, including chest X-rays. Plaintiffs' employment application was subsequently accepted, but after working only one and one-half days, she voluntarily terminated her employment. Thereafter, on or about July 25, 1979, plaintiff underwent certain routine chest X-rays in connection with her delivery of a child. At that time, she was advised by the radiologist that the chest X-rays revealed a large mass in her chest, which was subsequently diagnosed as Hodgkins Disease.

The complaint contains two counts against defendant Great Lakes Steel. Count IV alleges that, as plaintiff's employer, Great Lakes Steel had a contractual duty to advise her of any adverse

medical condition which was discovered or should have been discovered during her employment or preemployment status. Count V alleges that Great Lakes Steel negligently failed to advise her of the adverse medical condition.

Great Lakes Steel filed a motion for summary judgment asserting that the contract allegation failed to state a claim upon which relief could be granted. As to the negligence allegation, Great Lakes Steel asserted that the action was barred by the exclusive remedy provision of the Worker's Disability Compensation Act, MCL 418.131; MSA 17.237(131) (hereinafter the "act").

The trial court granted the motion as to the contract claim. As to the negligence claim, the court denied the motion on the ground that, as a matter of law, the injury did not arise out of and in the course of an employment relationship between the parties. Great Lakes Steel appeals the final order of the trial court.

Section 131 of the act provides:

"The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer. As used in this section and section 827 'employee' includes the person injured, his personal representatives and any other person to whom a claim accrues by reason of the injury to or death of the employee, and 'employer' includes his insurer, a service agent to a self-insured employer, and the accident fund insofar as they furnish, or fail to furnish, safety inspections or safety advisory services incident to providing workmen's compensation insurance or incident to a self-insured employer's liability servicing contract."

MCL 418.841; MSA 17.237(841) provides:

"Any controversy concerning compensation shall be

submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."

An action is precluded by § 131 if it seeks recovery for a personal injury arising out of and in the course of employment and if the suit is based upon the employer/employee relationship between the parties. MCL 418.301; MSA 17.237(301), *Bednarski v General Motors Corp,* 88 Mich App 482, 484; 276 NW2d 624 (1979), *Peoples v Chrysler Corp,* 98 Mich App 277; 296 NW2d 237 (1980).

Numerous Michigan cases have enforced the principle that issues concerning injuries and whether they arose out of and in the course of the employment relationship are exclusively within the purview of the Bureau of Workers' Disability Compensation (hereinafter the "bureau"). For example, in *Sewell v Bathey Manufacturing Co,* 103 Mich App 732; 303 NW2d 876 (1981), this Court stated:

"It is also beyond peradventure that the question of whether the act applies to a particular injury, *i.e.,* whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356, 358-359; 245 NW2d 26 (1976), *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 377-378; 230 NW2d 440 (1975), MCL 418.841; MSA 17.237(841)." *Id.,* 737.

Accord, *Bednarski, supra, Cowan v Federal-Mogul Corp,* 86 Mich App 619, 621; 273 NW2d 487 (1977), *Herman v Theis,* 10 Mich App 684; 160 NW2d 365 (1968).

Exclusive jurisdiction lies with the bureau even

though plaintiff's complaint does not allege or rely on an employment relationship between the parties. *Bednarski, supra, Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979).

The only exception to the bureau's exclusive jurisdiction is where it is obvious that the cause of action is not based on the employer/employee relationship. In such cases, the circuit court does have authority to reject the claimed applicability of the exclusive remedy provision. *Panagos v North Detroit General Hospital,* 35 Mich App 554, 559; 192 NW2d 542 (1971), *Modeen v Consumers Power Co,* 384 Mich 354; 184 NW2d 197 (1971). We note that the injury claimed in this case is not the cancerous condition, but the failure to discover or report the condition indicated on the X-rays. The bureau has the ultimate determination as to whether defendant's alleged duties arose only as a result of the employment relationship and whether the alleged injury is compensable under the act.

Accordingly, we hold that the trial court erred in deciding that the alleged injury did not arise out of and in the course of the employment relationship. That question must first be decided by the bureau. We reverse the circuit court's order and remand the matter to the circuit court. Plaintiff shall, within 20 days of the release date of this opinion, file with the Bureau of Workers' Disability Compensation an application for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau determines that plaintiff's injuries were suffered in the course of her employment, or if plaintiff fails to apply for a bureau

determination within 20 days, the circuit court shall grant accelerated judgment to Great Lakes Steel. If the bureau finds the injuries not to be work-related, the circuit court action may proceed. See *Dixon, supra,* 150.

Reversed and remanded.

N. J. KAUFMAN, P.J., concurred.

V. J. BRENNAN, J. *(dissenting).* The majority acknowledges that the bureau does not have exclusive jursidiction where it is obvious that the cause of action is not based upon the employer/employee relationship. Under those circumstances, the circuit court has jurisdiction to determine the rights and liabilities of the parties. The circuit court had jurisdiction in this case because the physical examination occurred prior to plaintiff's employment. The alleged injury, that is the failure to discover or report the condition indicated on the X-ray, did not occur in the course of employment and, therefore, was not based upon an employer/employee relationship.

2A Larson, Workmen's Compensation Law, § 68.35, pp 13-39, states:

"When the employer's fault takes the form of negligence in not disclosing to the employee the existence of a noncompensable disease discovered in the course of an examination in the company clinic, most cases allow a tort action on the theory that the injury is in no sense work-connected."

The rule is even more compelling in this case because the plaintiff was not yet an employee. I would find that the circuit court correctly denied Great Lakes Steel Corporation's motion· for summary judgment.