## SEWELL v CLEARING MACHINE CORPORATION

Docket No. 64974. Decided May 3, 1984. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to the trial court for further proceedings. Rehearing denied *post,* 1213.

Jon Sewell brought an action in the Wayne Circuit Court against Clearing Machine Corporation, Greyhound Leasing and Financial Corporation, and Armco Steel Corporation, seeking damages for personal injury while employed by Bathey Manufacturing Company. The court, Robert J. Colombo, J., denied Armco's motion for accelerated judgment in which Armco asserted that it was the plaintiff's employer and that the Bureau of Workers' Disability Compensation had exclusive jurisdiction to decide the question. The Court of Appeals, R. B. Burns, P.J., and D. E. Holbrook, Jr., and D. F. Walsh, JJ., in lieu of granting leave to appeal, ordered the plaintiff to submit the question whether Armco was his employer and thus able to invoke the exclusive remedy provision of the workers' compensation act to the bureau and ordered the circuit court to hold the plaintiff's action in abeyance pending a decision by the bureau (Docket No. 47457).

The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice Williams and Justices Kavanagh, Ryan, Brickley, Cavanagh, and Boyle, the Supreme Court *held:*

The circuit court has jurisdiction to determine whether the defendant in an action seeking damages for personal injury received in a work-related accident is the plaintiff's employer and thus able to invoke the exclusive-remedy provision of the Worker's Disability Compensation Act. Once it is determined that a plaintiff is an employee of the defendant, however, the Bureau of Workers' Disability Compensation has exclusive jurisdiction to decide whether the injuries were suffered in the course of employment.

Justice Levin concurred. He agreed that the circuit court may, in the instant case, determine whether the defendant Armco is the plaintiff's employer. He did not agree with the

conclusion that case law already holds that the Bureau of Workers' Disability Compensation has exclusive jurisdiction to decide whether injuries were suffered during the course of employment. The case cited for that proposition involved a worker's claim based on an affirmative duty on the part of an employer that had been imposed by the workers' compensation act which could still have been presented to the Bureau of Workers' Disability Compensation. A determination of the issue should not be made without plenary consideration, briefing, and argument. Justice Levin also disagreed with the statement that the issue whether the defendant is the plaintiff's employer is more fundamental than the issue whether the injury arose in the course of employment. They are equally fundamental. The workers' compensation act grants exclusive jurisdiction to the bureau over "any controversy concerning compensation". Where a claim for compensation is pending or could yet be filed, a court may or should refrain from deciding a question that may also arise under the act and defer to the bureau as the body designated by statute to make the decision. But unless a compensation claim is pending or could yet be filed, there can be neither a controversy concerning compensation nor a question arising under the act. In this case, the circuit court may decide the issue who was the plaintiff's employer not because the employment relationship issue is more fundamental than the course of employment issue, but because the plaintiff received workers' compensation benefits and therefore the question pending in the circuit court is not likely to also arise in the bureau in a controversy concerning compensation.

Reversed and remanded.

*Draugelis, Ashton & Scully* (by *John A. Ashton)* for the plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Jeannette A. Paskin* and *Dennis M. Day),* for defendant Armco Steel Corporation.

PER CURIAM. The issue before us today is whether, in an action in a circuit court seeking damages for personal injury, the circuit court has jurisdiction to decide whether the defendant is the plaintiff's employer and thus able to invoke the exclusive remedy provision of the Worker's Dis-

ability Compensation Act. MCL 418.131; MSA 17.237(131). We hold that the circuit court has jurisdiction to make this determination.

## I

On May 10, 1976, while an employee of Bathey Manufacturing Company, the plaintiff was seriously injured in an industrial accident. In 1978, he filed a complaint in the Wayne Circuit Court, alleging that the accident had occurred as a result of the wrongful conduct of two defendants whose relationship to this case we need not consider here.[1] An amended complaint added Armco Steel Corporation as a defendant. The plaintiff alleged that Armco had "assumed control of the safety program and other operations" at Bathey, and that Armco "operated some functions [of Bathey] and its manufacturing plant for profit at the direction and control of agents and employees of Armco".

Armco responded with a motion for accelerated judgment in which it stated that *it* was the plaintiff's employer and that the plaintiff's exclusive remedy against it was to seek workers' disability compensation benefits. MCL 418.131; MSA 17.237(131). Armco later filed an amended motion for accelerated judgment in which it stated that Bathey was its wholly owned subsidiary. In the amended motion, Armco recited that the plaintiff thought Bathey to be the employer while Armco thought itself to be the employer. Asserting that there was therefore an issue of fact concerning the identity of the plaintiff's employer, Armco stated that the Bureau of Workers' Disability Compensation had exclusive jurisdiction to decide the ques-

[1] The plaintiff also sued Bathey. See *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981), *lv den* 417 Mich 1044 (1983).

tion. Armco relied on MCL 418.841; MSA 17.237(841), which reads:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."

The Wayne Circuit Court denied the motion for accelerated judgment, as well as a motion for rehearing. Armco then applied to the Court of Appeals, seeking leave to appeal. In lieu of granting leave to appeal, the Court of Appeals issued a peremptory order that had the effect of granting the relief sought by Armco:

"In this cause an application for leave to appeal is filed by defendant-appellant Armco, Inc., and an answer in opposition thereto having been filed, and due consideration thereof having been had by the Court,

"It is ordered that plaintiff shall, within 20 days from the certification of this order, file with the Workmen's Compensation Bureau an application for a hearing on the question in controversy. If such application is timely filed, the circuit court shall hold the instant action in abeyance pending the decision of the bureau. If the bureau determines the issue of Armco, Inc.'s, liability adversely to the plaintiff, or if plaintiff fails to apply for a bureau determination within 20 days, the circuit court shall grant accelerated judgment for defendant Armco. If the bureau finds for the plaintiff on the issue raised, this action may proceed. We retain no jurisdiction."

The plaintiff now asks this Court to grant leave to appeal the order of the Court of Appeals.[2] In

[2] We have been holding this case in abeyance pending our decision in *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982). *Sewell v Clearing Machine Corp,* 409 Mich 947 (1980).

lieu of granting leave to appeal, we today reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings.

## II

The Court of Appeals has ordered the plaintiff to file in the Bureau of Workers' Disability Compensation an application for hearing on the issue of who is his employer. The Court of Appeals directed that if this application is timely filed the circuit court shall hold the plaintiff's civil suit in abeyance pending the bureau's decision. This is a procedure that the Court of Appeals has ordered in a number of other cases,[3] each time relying on this Court's opinion in *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976), or the Court of Appeals opinion in this plaintiff's suit against Bathey, *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981). In *Szydlowski, supra,* pp 357-358, this Court agreed with the trial court that the bureau should decide a claim that GM had breached a statutory duty to provide medical services:

---

[3] *Houghtaling v Chapman,* 119 Mich App 828; 327 NW2d 375 (1982) (whether injuries suffered after being given marijuana-laced brownies by a fellow employee were suffered in the course of employment); *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982) (whether injuries suffered when assaulted by a fellow employee at company picnic were suffered in the course of employment); *Buschbacher v Great Lakes Steel Corp,* 114 Mich App 833; 319 NW2d 691 (1982) (whether a failure to inform the plaintiff of the results of a pre-employment chest x-ray was an injury suffered in the course of employment); *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979) (whether injuries suffered by a school bus attendant who was injured while riding a school bus that had finished transporting children and was returning to a parking ramp were suffered in the course of employment); *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979) (whether the failure by company doctors to detect lung cancer during physical and x-ray examinations was an injury suffered in the course of employment).

"Plaintiff filed a wrongful death action in circuit court on February 4, 1972. She claimed that her husband was a GM employee and had received certain injuries during the course of his employment. GM treated the injuries and the death was attributed to the improper administration of medicine and drugs 'by non-physician personnel of General Motors Corporation'. This was said to violate General Motors' statutorily imposed warranty that employees 'would receive "reasonable medical, surgical and hospital services" '.

"The circuit court granted a motion for summary judgment saying that 'Plaintiff's exclusive right is the Workmen's Compensation Act'. In reversing, the Court of Appeals held

" 'that the circuit court does have subject matter jurisdiction, concurrent with the workmen's compensation bureau, to determine whether the exclusive remedy provision, MCL 418.131; MSA 17.237(131), forces Szydlowski to return to that forum to seek relief. We hold further that Szydlowski's complaint has stated a cause of action sufficient to avoid summary judgment under GCR 1963, 117.2(1).' 59 Mich App 180, 186; 229 NW2d 365 (1975).

"This is a clearly erroneous conclusion. In *Solakis v Roberts,* 395 Mich 13, 20; 233 NW2d 1 (1975), we said that when 'an employee's injury is within the scope of the act, workmen's compensation benefits are the exclusive remedy against the employer. MCL 418.131; MSA 17.237(131).' MCL 418.841; MSA 17.237(841) provides that 'all questions arising under this act shall be determined by the bureau'.

"The circuit court complaint said plaintiff's husband was a GM employee who received injuries in the course of his employment. Defendant was said to have a statutory duty to provide medical service. This claim is based upon a section of the compensation act. MCL 418.315; MSA 17.237(315). The complaint concerned matters for the Workmen's Compensation Bureau, not for the circuit court."

In discussing the present plaintiff's suit against Bathey, the Court of Appeals cited *Szydlowski* in its discussion of this general principle:

"It is also beyond peradventure that the question whether the act applies to a particular injury, *i.e.,* whether an injury arose out of and in the course of a worker's employment (and thus is compensable under the act), is a question to be resolved in the first instance exclusively by the Bureau of Workmen's Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356, 358-359; 245 NW2d 26 (1976), *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375, 377-378; 230 NW2d 440 (1975), MCL 418.841; MSA 17.237(841)." *Sewell, supra,* p 737.

Taken alone, those general statements suggest that the bureau's jurisdiction takes precedence over that of the circuit court whenever there is an issue concerning the applicability of the Worker's Disability Compensation Act.[4] The rule is not so broad, however. Properly stated, the *Szydlowski* principle is that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment.[5] The courts, however, retain the power to decide the more fundamental issue whether the plaintiff is an employee (or fellow employee) of the defendant. This distinction was noted in *Northern v Fedrigo,* 115 Mich App 239, 241; 320 NW2d 230 (1982), and is clearly illustrated by *Nichol v Billot,* 406 Mich 284; 279 NW2d 761 (1979), in which this Court discussed at some length how *the court* (judge and jury) is to go about determining whether a plaintiff is a fellow employee of the defendant. When *Nichol* was in the Court of Appeals, Judge BRENNAN, dissenting, explained this principle. *Nichol v Bil-*

---

[4] MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

[5] Several of the opinions cited in footnote 3 contain a statement that the bureau's exclusive jurisdiction is inapplicable "where it is obvious that the cause of action is not based on the employer-employee relationship". See, *e.g., Houghtaling, supra,* p 831. We are not disapproving that rule.

*lot,* 80 Mich App 263, 272, fn 1; 263 NW2d 345 (1977):

"The circuit court can decide whether its jurisdiction extends to this case. To do so, the court must determine whether defendant was plaintiff's co-employee under the WDCA. I would distinguish one recent decision of the Michigan Supreme Court. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976). In *Szydlowski,* where plaintiff filed a claim for workmen's compensation with the bureau which was dismissed twice for no progress and then filed a wrongful death action in circuit court trying to recover compensation under a mandatory statutory medical service provision of the WDCA, the Court denied the circuit court the jurisdiction to hear the case.

"I would distinguish that case as dealing with a claim involving the grant of workmen's compensation benefits under circumstances which would have completely usurped the primary function of the Workmen's Compensation Bureau had the Court allowed the circuit court concurrent jurisdiction. Plaintiff based her entire suit on the mandatory WDCA warranty insuring 'reasonable medical, surgical and hospital services'. Given the way she framed her action, the trial court could not have given judgment without directly passing upon a recovery provision of the act. Certainly, such action would serve to replace the exclusive function the act reserved to the Workmen's Compensation Bureau.

"In the case before us now, plaintiff does not seek to substitute the trial court for the bureau. The action alone seeks determination of the trial court's rightful jurisdiction—that is, whether plaintiff's action violates the statutory jurisdiction of the WDCA. This question the court must answer. The court must have jurisdiction to decide the matter of its own jurisdiction. Its resolution of jurisdictional facts is appropriate to the singular purpose of resolving the jurisdictional problem.

"Further, *Szydlowski* involved the question whether injuries arose out of and during the course of employment and whether those injuries were compensable under a provision of the act. No determination of

employee or employer status and its implications arose for the court to consider there.

"In short, we find the particular question addressed by the trial court properly raised and resolved there. The court must and the act intends to allow circuit court determination of legal questions involving legitimate matters of jurisdiction touching its own court. If the suit conflicts with the ability of the Workmen's Compensation Bureau to award compensation, then the circuit court must deny the parties' attempt to litigate there. However, the circumstances presented by this case and others involving statutory defenses under the act must be resolved by the trial court as to the jurisdictional implications under the act."

Yet another illustration of the *court's* obligation to decide whether a plaintiff is an employee of a defendant is *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982).

The circuit court properly denied Armco's motion for accelerated judgment; it must decide in this case whether plaintiff was an employee of Armco.[6] In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

LEVIN, J. *(concurring).* The issue whether the circuit court may decide a question that may also

---

[6] Accelerated judgment was properly granted in plaintiff's companion case against Bathey. The plaintiff did not dispute that Bathey employed him; instead he argued that the nature of Bathey's allegedly wrongful behavior rendered inapplicable the exclusive remedy provision of the Worker's Disability Compensation Act. *Sewell, supra.*

"aris[e] under" the workers' compensation act is important and difficult, and should not be decided without plenary consideration, briefing, and argument. The Court having resolved to decide the question peremptorily, I concur in the Court's decision that the circuit court may, in the instant case, determine whether Armco Steel Corporation is Jon Sewell's employer. Sewell received workers' compensation benefits, and thus the question whether Armco is Sewell's employer is not a question that is likely to also "aris[e] under" the act in respect to a "controversy concerning compensation".

I also agree that *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976), does not preclude the circuit court from deciding the question. I do not agree, however, with the Court's conclusion that "[p]roperly stated, the *Szydlowski* principle is that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were in the course of employment".[1] I would distinguish *Szydlowski* on the basis that the worker's claim in that case was based on an affirmative duty imposed by the workers' compensation act and could yet have been presented to the bureau.

I also disagree with the Court's formulation of a test that states that a circuit court may decide a question that is "more fundamental" than the question whether the injury was suffered in the course of employment. This test, proffered without analysis, explanation, or justification, offers no guidance for the resolution of future cases and does not satisfactorily explain the result reached today.

---

[1] *Ante,* p 62.

I

On May 10, 1976, Sewell injured his hand while working on a drill press machine during the course of his employment with Bathey Manufacturing Company. He commenced an action against Bathey, but the Court of Appeals affirmed the circuit court's conclusion that jurisdiction of that action was vested exclusively in the bureau.[2] Sewell received workers' compensation benefits from Bathey.[3]

Sewell also filed the instant action in circuit court against three defendants, including appellant Armco. The complaint related to the lack or removal of safety devices from the drill press machine on which Sewell had been working; the complaint alleged that Armco had "assumed control of the safety program and other operations" at Bathey, and that Armco "operated some functions [of Bathey] and its manufacturing plant for profit at the direction and control of agents and employees of [Armco]".

Armco moved for accelerated judgment, stating that Bathey was its wholly owned subsidiary, that Armco was Sewell's employer, and that Sewell's exclusive remedy against Armco as well as Bathey was to seek workers' compensation benefits. The circuit court denied Armco's motion.

On appeal, the Court of Appeals ordered that Sewell be given 20 days in which to file an application with the bureau for a hearing on the question whether Armco was his employer. It also directed the circuit court to hold the case in abeyance

[2] MCL 418.131; MSA 17.237(131). See *Sewell v Bathey Mfg Co,* 103 Mich App 732; 303 NW2d 876 (1981).

[3] It does not appear whether the benefits were paid voluntarily or following a determination by a referee or the Workers' Compensation Appeal Board.

pending resolution of that question by the bureau.
Sewell seeks leave to appeal from this order of the
Court of Appeals.

## II

Courts in other jurisdictions differ on whether
and to what extent a court may decide questions
pertaining to the applicability of a workers' com-
pensation statute. The courts of California, Dela-
ware, Idaho, and Oklahoma have held that the
issue whether workers' compensation benefits are
recoverable is to be decided by the first tribunal
(either a court or a workers' compensation tribu-
nal) in which the matter is filed unless the matter
is prosecuted in the second tribunal without objec-
tion from either party.[4] The courts of the District
of Columbia and Missouri have held that such
questions are generally to be decided in the work-
ers' compensation system,[5] and have articulated
explicit standards for evaluating the propriety of a
proposed deviation from this general rule.[6] In New

[4] California: *Scott v Industrial Accident Comm,* 46 Cal 2d 76; 293
P2d 18 (1956); *Taylor v Los Angeles County Superior Court,* 47 Cal 2d
148; 301 P2d 866 (1956); *Busick v Workmen's Compensation Appeals
Board,* 7 Cal 3d 967; 104 Cal Rptr 42; 500 P2d 1386 (1972); *Jones v
Brown,* 13 Cal App 3d 513; 89 Cal Rptr 651 (1970); *Sea World Corp v
San Diego County Superior Court,* 34 Cal App 3d 494; 110 Cal Rptr
232 (1973); *Yavitch v Worker's Compensation Appeals Board,* 142 Cal
App 3d 64; 190 Cal Rptr 793 (1983).

Delaware: *Ward v General Motors Corp,* 431 A2d 1277 (Del Super,
1981).

Idaho: *Anderson v Gailey,* 97 Idaho 813; 555 P2d 144 (1976).

Oklahoma: *Rex Truck Lines, Inc v Simms,* 401 P2d 520 (Okla,
1965); *Miller Construction Co v Wenthold,* 458 P2d 637 (Okla, 1969);
*Jones Drilling Co v Woodson,* 509 P2d 116 (Okla, 1973).

[5] District of Columbia: *Harrington v Moss,* 407 A2d 658 (DC App,
1979).

Missouri: *Sheen v DiBella,* 395 SW2d 296 (Mo App, 1965).

[6] In the District of Columbia, the party alleging that workers'
compensation benefits are not recoverable must prove the allegation
by substantial evidence. If he fails, the issue must be decided in the
workers' compensation system. *Harrington v Moss,* fn 5 *supra.*

York, any question of fact that goes to the issue whether workers' compensation benefits are recoverable must be resolved in the workers' compensation system.[7]

This split of authority demonstrates that the proper line of demarcation between the jurisdiction of courts and of workers' compensation tribunals is often subtle, and that it is not appropriate to attempt to draw the line summarily.

## III

I agree with the statement in the opinion of the Court that the *Szydlowski* rule is not so broad as to provide "that the bureau's jurisdiction takes precedence over that of the circuit court whenever there is an issue concerning the applicability of the Worker's Disability Compensation Act".[8] Although purporting to limit the *Szydlowski* principle, the Court actually extends the principle beyond the narrow facts involved in that case when it restates *Szydlowski* as holding "that the bureau has exclusive jurisdiction to decide whether injuries suffered by an employee were *in the course of employment*".[9] (Emphasis supplied.)

In Missouri, the party alleging that workers' compensation benefits are recoverable must prove the allegation by a preponderance of the evidence. Only if he fails may the court retain jurisdiction in the matter. *Lamar v Ford Motor Co,* 409 SW2d 100 (Mo, 1966); *Zahn v Associated Dry Goods Corp,* 655 SW2d 769 (Mo App, 1983).

[7] *O'Rourke v Long,* 41 NY2d 219; 391 NYS2d 553; 359 NE2d 1347 (1976).

[8] *Ante,* p 62. Such a reading of *Szydlowski* might be inconsistent with *Bugg v Fairview Farms, Inc,* 385 Mich 338; 189 NW2d 291 (1971), where the parties to a redemption agreement agreed to submit the course of employment issue to a court for resolution in a pending lawsuit. The trial court refused to decide the question on the ground that it was precluded from doing so by the exclusive remedy provision; this Court reversed, holding that the defendants were estopped from raising the statutory bar by the terms of the redemption agreement.

[9] *Ante,* p 62.

In *Szydlowski,* plaintiff alleged that her husband, an employee of General Motors, died as a result of the improper administration of medication and drugs "by non-physician personnel of General Motors Corporation". She claimed that General Motors had violated the duty imposed on it by the workers' compensation act to furnish "reasonable medical, surgical and hospital services" to injured employees.[10] No reason or explanation has been offered for extending *Szydlowski* to cases not involving an affirmative duty imposed by the workers' compensation act. It is noteworthy that today's *course of employment* construction of *Szydlowski* is stated in a case in which the course of employment issue is not presented.

The Court in *Szydlowski* did indeed approve, as "accurately stat[ing] the law",[11] the following statement of the Court of Appeals in *Herman v Theis,* 10 Mich App 684, 689; 160 NW2d 365 (1968):

"Issues concerning injuries and whether they grew 'out of and in the course of the employment relationship' are to be exclusively within the purview of the workmen's compensation department, and the merits of such a claim are to be first evaluated by the department."

Nevertheless, since *Szydlowski* involved a claim based on an affirmative duty imposed by the workers' compensation act, the Court's comments were obiter dicta insofar as they may be read as limiting the power of the circuit court to address the course of employment issue in a case that does not involve an alleged violation of such a statutory duty.

---

[10] MCL 418.315; MSA 17.237(315). See *Szydlowski v General Motors Corp, supra,* p 357.

[11] *Szydlowski v General Motors Corp, supra,* pp 358-359.

IV

The Court states that the issue whether Armco was Sewell's employer is "more fundamental" than the issue whether injuries were suffered in the course of employment. The Court's "more fundamental" test offers little guidance for future cases, and does not even satisfactorily resolve the case at hand. The issue whether Armco was Sewell's employer is no more "fundamental" than the issue whether Sewell's injuries were suffered in the course of his employment.

The workers' compensation act limits coverage to cases where there was an employer-employee relationship at the time of the injury[12] and the injury arose "out of and in the course of employment".[13] Both an employer-employee relationship and an injury arising out of and in the course of employment are statutory conditions for entitlement to workers' compensation benefits. The two conditions are equally "fundamental". If either condition is not satisfied, workers' compensation benefits cannot be recovered. Neither condition is "more fundamental" than the other.[14]

---

[12] MCL 418.111; MSA 17.237(111) and MCL 418.301; MSA 17.237(301). See *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211; 180 NW2d 798 (1970).

[13] MCL 418.301; MSA 17.237(301).

[14] The question posed by the present case—whether the parent of a wholly owned subsidiary is the "employer" for purposes of the workers' compensation act—may be a question of law requiring little or no factual development. *Cf. Wells v Firestone Tire & Rubber Co,* 97 Mich App 790; 296 NW2d 174 (1980), *lv gtd* 417 Mich 1043 (1983). Nevertheless, the issue whether there was an employer-employee relationship cannot properly be distinguished from the issue whether the injury arose out of and in the course of employment on the ground that the former issue is a question of law that the courts are fully able to decide, but the latter issue is a question of fact that the bureau is particularly well-suited to resolve. The employer-employee relationship issue frequently poses a question of fact, as where, for example, the controversy centers upon whether the worker was an "independent contractor" outside the coverage of the act, see *Nichol v*

V

Section 841 grants exclusive jurisdiction to the bureau over "any controversy concerning compensation":

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."[15]

Where a claim for compensation is pending or could yet be filed,[16] a court may or should refrain from deciding a question that may also "arise under" the act and defer to the bureau as the body designated by statute to make the decision. But unless a compensation claim is pending or could yet be filed, there can be neither a "controversy concerning compensation" nor a "question arising under this act".

The second clause of § 841, providing that "all *questions* arising under this act shall be determined by the bureau" (emphasis added), should be read in conjunction with the introductory clause, providing that "[a]ny *controversy concerning compensation* shall be submitted to the bureau" (em-

---

*Billot,* 406 Mich 284, 298; 279 NW2d 761 (1979); *Hyslop v Klein,* 85 Mich App 149; 270 NW2d 540 (1978), or whether the worker was a domestic servant with sufficient hours for coverage under the act, MCL 418.118(2); MSA 17.237(118)(2). See, generally, *Erickson v Goodell Oil Co, Inc,* fn 12 supra, p 212.

[15] MCL 418.841; MSA 17.237(841).

[16] The Court of Appeals has said that where "an employee's injury is not compensable under the act, a common-law tort action may be maintained against the employer". *Kissinger v Mannor,* 92 Mich App 572, 576; 285 NW2d 214 (1979) (intentional infliction of mental stress), discussing *Milton v Oakland County,* 50 Mich App 279; 213 NW2d 250 (1973) (breach of contract, violation of merit system rules, and wrongful discharge), and *Moore v Federal Department Stores, Inc,* 33 Mich App 556; 190 NW2d 262; 46 ALR3d 1275 (1971), lv den 385 Mich 784 (1971) (false imprisonment).

phasis added). Read together, the jurisdiction of the bureau is limited to "questions arising under" the act in connection with a "controversy concerning compensation". The Legislature did not provide for the issuance of advisory opinions by the bureau on "questions" that have not arisen in connection with a "controversy concerning compensation".

The view that § 841 grants jurisdiction to the bureau only where a claim for workers' compensation is pending or could yet be filed is consistent with the results this Court has reached in recent cases. In *Szydlowski, supra,* plaintiff had twice filed a claim for workers' compensation benefits, but each claim had been dismissed for lack of progress and plaintiff could still have filed another claim;[17] the circuit court's decision to defer to the bureau was affirmed. In *Nichol v Billot,* 406 Mich 284, 291-292, 295; 279 NW2d 761 (1979), and *Farrell v Dearborn Mfg Co,* 416 Mich 267; 330 NW2d 397 (1982), where this Court decided questions presented in circuit court actions that might also arise under the act and that had not been submitted to the bureau, all the plaintiffs had either received workers' compensation benefits or redeemed a workers' compensation claim.[18]

[17] See *Szydlowski v General Motors Corp, supra,* p 359 (opinion of WILLIAMS, J.).

[18] The view that § 841 grants exclusive jurisdiction to the bureau only where a claim for workers' compensation is pending or could yet be filed is also consistent with the results reached by the Court of Appeals in most of the cases cited in fn 3 of the opinion of the Court. In *Houghtaling v Chapman,* 119 Mich App 828; 327 NW2d 375 (1982), *Johnson v Arby's, Inc,* 116 Mich App 425; 323 NW2d 427 (1982), and *Buschbacher v Great Lakes Steel Corp,* 114 Mich App 833; 319 NW2d 691 (1982), the injured worker could have filed a claim for workers' compensation, and in each case the Court of Appeals ordered the circuit court to defer to the bureau for resolution of the course of employment issue. In *Bednarski v General Motors Corp,* 88 Mich App 482; 276 NW2d 624 (1979), a claim for workers' compensation was pending, and the Court of Appeals ordered the circuit court to hold

# VI

In sum, the circuit court may decide whether Armco was Sewell's employer not because the employment relationship issue is "more fundamental" than the course of employment issue, but rather because Sewell received workers' compensation benefits and therefore the question pending in the circuit court is not likely to also arise in the bureau in a "controversy concerning compensation".

---

the case in abeyance pending the outcome of the workers' compensation proceedings.

This view, however, is inconsistent with the result reached by the Court of Appeals in *Dixon v Sype,* 92 Mich App 144; 284 NW2d 514 (1979). In that case, plaintiff had redeemed her workers' compensation claim, but the Court of Appeals ordered the circuit court to defer to the bureau for resolution of the course of employment issue. The Court of Appeals in *Dixon* appears to have misunderstood the nature of a redemption of a workers' compensation claim, as it analogized the case before it to *Bednarski* where a workers' compensation claim was pending. This ignores that a redemption, as a voluntary compromise pursuant to MCL 418.835; MSA 17.237(835), is a final settlement of an employer's liability under the act. See *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), *aff'd* 397 Mich 23; 242 NW2d 427 (1976). After a redemption agreement is approved, a claim for workers' compensation is no longer pending before the bureau, and thus the question presented in *Dixon* is distinguishable from the question presented in *Bednarski.* See also *Farrell v Dearborn Mfg Co, supra.*